**UNITED STATES of America,**
**Appellee,**

v.

**Asukile AMBERSLIE, Defendant–Appellant.**

**No. 05–1660CR.**

United States Court of Appeals,
Second Circuit.

Nov. 3, 2005.

Daniel S. Parker (Georgia J. Hinde, on the brief), New York, NY, for Appellant.

Daniel W. Levy, Jason Sabot, Peter G. Neiman, Assistant United States Attorneys (David N. Kelley, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee.

Present: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant-appellant Amberslie was indicted on October 22, 2002 for one count of distributing and possessing with intent to distribute five grams or more of crack cocaine on September 22, 2002 in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), 860. A jury trial on this indictment was held in the District Court for the Southern District of New York (Rakoff, *J.*), and ended with the declaration of a mistrial because the jury was unable to reach a verdict. ·On April 16, 2004, the government obtained a superseding indictment adding the additional count of conspiring to distribute and possess with intent to distribute fifty grams or more of crack cocaine from at least in or about 1997 up to and including in or about late 2001 in violation of 21 U.S.C. § 846. A trial on only the new count was held, and, on May 20, 2004, the jury returned a verdict of guilty. Amberslie now appeals this conviction. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

"A criminal defendant who challenges the sufficiency of the evidence shoulders a heavy burden, but not an impossible one." *United States v. Jones*, 393 F.3d 107, 111 (2d Cir.2004). "We review such challenges *de novo,* and will affirm if, viewing all the evidence in the light most favorable to the prosecution, *any* rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotations marks and citations omitted) (emphasis added). Amberslie cites no authority to support his suggestion that if his particular jury discredited certain testimony, we can do so in our analysis of his sufficiency claim. We decline to create such a new rule. Since it is possible that some rational jury could credit Adams's testimony, and Amberslie concedes that this would be sufficient evidence of conspiracy, Amberslie's sufficiency claim must fail.

■ Amberslie also contends that the district court erred in instructing the jury that it could infer conspiracy from testimony that Amberslie regularly sold drugs and must therefore have had a supplier. By doing no more than suggesting an alternative instruction, Amberslie failed to raise a sufficient objection to this instruction in the district court to preserve it for review. *United States v. Crowley,* 318 F.3d 401, 412 (2d Cir.2003). Therefore we review the district court's instruction for plain error. *See* Fed.R.Crim.P. 30(d), 52(b). Under the plain error analysis, to be plain, the violation of a legal rule must be clear or obvious and affect substantial rights. *United States v. Olano,* 507 U.S. 725, 733—34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Given that some of our previous cases suggest the buyer-seller rule cited by Amberslie applies only to a single transaction for personal use, it is not obvious that the instruction given was erroneous in the circumstances of this case, so there can be no plain error. *See United States v. Medina,* 944 F.2d 60, 65 (2d Cir.1991) ("The rationale for holding a buyer and a seller not to be conspirators is that in the typical buy-sell scenario, which involves a casual sale of small quantities of drugs, there is no evidence that the parties were aware of, or

agreed to participate in, a larger conspiracy."); *United States v. Zabare,* 871 F.2d 282, 288–89 (2d Cir.1989) (holding that even a single purchase, when combined with large quantities and knowledge that there are likely other purchasers, was sufficient to find conspiracy); *United States v. Cepeda,* 768 F.2d 1515, 1517 (2d Cir. 1985) (finding possession of small amount of cocaine and drug cutting paraphernalia insufficient to support conspiracy conviction because it could be consistent with personal use); *United States v. Magnano,* 543 F.2d 431, 434 (2d Cir.1976) ("[A] single isolated act does not, per se, support an inference that defendant had knowledge of, or acquiesced in a larger conspiratorial scheme" but "one who deals in large quantities of narcotics may be presumed to know that he is part of a venture which extends beyond his individual participation."); *United States v. Agueci,* 310 F.2d 817, 835—36 (2d Cir.1962) (noting that, although participation in a single isolated narcotics transaction may be insufficient to prove conspiracy, this is only the case where the transaction is not one from which knowledge of the conspiracy may be inferred).

■ Finally, Amberslie contends that the superseding conspiracy indictment brought after the mistrial, which exposed him to a higher sentence, violated his due process right to be free of prosecutorial vindictiveness. We have previously held that no presumption of vindictiveness arises where, as here, the prosecution does not object to a mistrial that is caused by a hung jury. *See United States v. Kahn,* 787 F.2d 28, 32—33 (2d Cir.1986). We have also repeatedly cautioned that "encourag[ing] prosecutors to overcharge defendants, by charging both a greater number of crimes and the most severe crimes supported by the evidence .... is 'a result we do not wish to promote.'" *Paradise v.*

*CCI Warden,* 136 F.3d 331, 336 (2d Cir. 1998) (quoting *United States v. King,* 126 F.3d 394, 399 (2d Cir.1997)). Therefore we decline to find such a presumption in this case. Regardless, a presumption of vindictiveness is adequately rebutted by showing that the motive for the new charges was to increase the likelihood of obtaining a conviction, and there is no need for the government to demonstrate it would have been impossible to bring the new charges earlier. *King,* 126 F.3d at 399. Thus even if a presumption arose in these circumstances, it has been rebutted.

We have considered Amberslie's remaining claims and find them to be without merit. Based on the foregoing, the judgment of the district court is AFFIRMED.